**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**RICHLAND DIVISION**

| | |
|---|---|
| Herman Grant Jr., | CIVIL ACTION NO.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **(§1983 CIVIL RIGHTS CLAIM)** |
| Deputy Angel Rodriguez, Deputy Richard Sholtz, and John Doe Deputies, | **(JURY TRIAL DEMANDED** |
| Defendant(s). | |

The Plaintiff, complaining of the Defendants, alleges and says as follows:

### JURISDICTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 *et seq.*, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of South Carolina, against the Defendants.

2. Subject matter jurisdiction is conferred upon the Court by 28 U.S.C. §§ 1331.

### PARTIES

3. Plaintiff Herman Grant (herein "Plaintiff"), at all times relevant to this complaint, is a citizen and resident of Richland County, South Carolina, with the majority of the acts and omissions described in this complaint occurring in Richland County, South Carolina.

4. Upon information and belief, Defendants John Doe Deputies are unknown at this time.

5. That Defendants Deputy Angel Rodriguez, Deputy Richard Sholtz, and John Doe Deputies (herein referred to collectively as "Defendants"), upon information and belief, are citizens and residents of Richland County, South Carolina and/or were citizens and residents of Richland County, South Carolina at the time of the incident at issue in this Complaint.

6. At all times mentioned in the Complaint, the Defendants were all acting under the color of state law as employees of the Richland County Sheriff's Office (herein referred to as "RCSO"). Defendants were supervisors, administrators, and/or employees of RCSO. At all relevant times hereinafter mentioned, these Defendants were acting individually as employees and/or administrators of the RCSO.

7. Upon information and belief, Defendants either had direct contact with the Plaintiff, had direct knowledge of the unsafe conditions present during the time period in question, had direct knowledge of the excessive risk of serious harm to the Plaintiff's health or safety, supervised other Defendants who had direct contact with the Plaintiff or had knowledge of the above, and/or made policy decisions that directly caused harm to the Plaintiff.

8. During the time period in question, the Plaintiff's constitutional rights were well established and well known to each of the Defendants, including but not limited to the Plaintiff's enumerated rights to due process, to be free from danger, to be free from cruel and unusual punishment, and to be free from unlawful detention.

9. Upon information and belief, Defendants were employees of RCSO, who had direct contact with the Plaintiff and had direct knowledge of the substantial risk to the Plaintiff's safety and health. Defendants had the obligation and opportunity to protect the Plaintiff from physical harm. The Defendants were deliberately indifferent to the safety of the Plaintiff by knowingly exposing the Plaintiff to a substantial risk to his physical safety, as well as his constitutional rights.

10. For the purposes of the claims asserted under 42 U.S.C. § 1983, Defendants are being sued in their individual capacity under the Color of State Law.

11. The allegations set forth in this Complaint occurred in Richland County; therefore, venue is proper in this District.

## STATEMENT OF FACTS

12. The Plaintiff restates and re-alleges every allegation set forth above as if stated herein verbatim.

13. Employees and supervisors of the RCSO have a federal constitutional duty (under the Fourth, Eighth, and Fourteenth Amendment) to protect citizens from cruel and unusual punishment, to protect citizens from unlawful detention, to protect citizens from the violence at the hands of their coworkers, and to ensure that they receive due process prior to being punished.  In this case, the Plaintiff is informed and believes that (a) Defendants knew that the Plaintiff was exposed to a substantial risk of serious harm to his physical safety; (b) Defendants consciously failed to take reasonable measures to abate the risk; and (c) the Plaintiff suffered serious injuries as a direct result thereof.

14. Upon information and belief, at all times material and relevant to this action, Defendants were commissioned law enforcement officers, elected, or appointed to serve all people in the Richland County regardless of race, gender, religious affiliation or socioeconomic status.  Defendants further knew or should have known that the Plaintiff enjoyed constitutional rights to be free from unnecessary government interference, intrusion, and force that belonged to him.

15. On or about May 15, 2021, Plaintiff had a verbal altercation with his neighbor, Mr. James Witt, in their neighborhood in Richland County.

16. Upon information and belief, on or about May 15, 2021, Mr. Witt called RCSO after his verbal altercation with the Plaintiff and made false allegations that Plaintiff pointed and presented a firearm into the direction of Mr. Witt.

17. That at no time did Plaintiff point or present a firearm into the direction of Mr. Witt.

18. On or about May 15, 2021, Defendants and other unknown deputies/employees/agents of RCSO then responded to Plaintiff's home and property in Richland County.

19. That at no time did Defendants, nor any deputies/employees/agents of RCSO, witness Plaintiff to have any firearm on his person or point or present a firearm into the direction of anybody.

20. Upon Defendants' arrival at Plaintiff's home and property on or about May 15, 2021, Plaintiff was present on his property. Immediately after arriving at Plaintiff's home and property, Defendants and/or other deputies/employees/agents of RCSO approached Plaintiff on the curtilage of Plaintiff's property, and, without reasonable suspicion and probable cause, handcuffed, detained, and arrested the Plaintiff on Plaintiff's property.

21. That Plaintiff was arrested on his property without a warrant, without probable cause, and without exigent circumstances present.

22. That Defendants and/or other deputies/employees/agents of RCSO entered Plaintiff's property without a warrant, without probable cause, and without exigent circumstances present.

23. Defendants, and other unknown deputies/employees/agents of RCSO then searched Plaintiff's person, Plaintiff's automobile, and Plaintiff's home without consent, warrants, probable cause, and exigent circumstances present while on Plaintiff's property.

24. After Defendant Rodriguez handcuffed, detained, and arrested Plaintiff on Plaintiff's property, Defendant Rodriguez placed the Plaintiff into the backseat of his patrol vehicle, where Plaintiff remained for an extended period of time.

25. Upon information and belief, the backseat of Defendant Rodriguez's patrol vehicle in which Plaintiff was placed was hot and otherwise in a dangerous condition.

26. Upon information and belief, Plaintiff became ill and required immediate medical attention.

27. Upon information and belief, Defendants were trained first responders and, as officers within a public safety agency, were trained to recognize when individuals are suffering medical distress. Defendants had a duty to recognize, and act accordingly and immediately, when an individual is suffering medical distress and failed in this regard. A reasonable and prudent officer would have acted accordingly and immediately once they recognized that Plaintiff was in medical distress.

28. Upon information and belief, before Plaintiff was permitted to receive the medical care he required, Defendants and/or other unknown deputies/employees/agents coerced Plaintiff into signing a form consenting to the search of his home and car. This consent, as well as any other consent to search the Plaintiff's home, car, property, and person Defendants purportedly claims to have obtained, was obtained by force, coercion, and otherwise by illegal means.

29. Upon information and belief, Defendants and/or other unknown deputies/employees/agents of RCSO attempted to obtain search warrants of Plaintiff's property but were unable to do so due to lack of probable cause.

30. That Plaintiff was eventually permitted to be transported to the hospital to be treated. He was released and then transported to Alvin S. Glenn Detention Center.

31. On or about May 16, 2021, arrest warrants for the Plaintiff were obtained by a John Doe Deputy Defendant.

32. The aforementioned arrest warrants were obtained after the Plaintiff was already arrested on his property the previous day and the affidavits for the arrest warrants included false and/or otherwise misleading information.

33. Plaintiff was released from Alvin S. Glenn Detention Center after being imprisoned for many hours.

34. Plaintiff was forced to retain counsel and defend the charges in which he was illegally arrested.

35. On or about July 14, 2022, Plaintiff's charges were dismissed at a Preliminary Hearing.

36. As a result of the acts and omissions of Defendants the Plaintiff has, and will in the future, suffer mental and bodily distress, personal injuries, emotional damages, loss of his freedom, suffer fear, anxiety, loss of enjoyment of life, loss of quality of life, has, and will in the future, incur damage to his reputation, humiliation, embarrassment, pain and suffering and has incurred the cost of retaining an attorney to protect his rights.

37. The harms and losses suffered by the Plaintiff were the direct and proximate result of the actions and inactions of the Defendants.

38. Plaintiff is entitled to actual and punitive damages to be determined by a jury.

**FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS**
**42 U.S.C. § 1983 (4th, 8th, and 14th Amendment Violations)**

39. The Plaintiff restates and re-alleges every allegation set forth above as if stated herein verbatim.

40. Defendants were acting under the color or pretense of State law, customs, practice, usage, and/or policy at all times mentioned herein as RCSO deputies, employees, and/or supervisors of the RCSO and had certain duties imposed upon them with regard to Plaintiff. Additionally, during the time period in question, the Defendants were well aware of the Plaintiff's constitutional rights, including his right to be free from excessive force, unlawful arrest, and his right to freedom of speech and due process.

41. That Defendants were consciously and deliberately indifferent to the Plaintiff and acted in an egregious and arbitrary manner during the time period mentioned in the facts stated above in the following particulars:

   a. In using excessive force;

   b. In failing to properly train, monitor and supervise coworkers, personnel, agents, and/or employees so as to ensure the safety of the public they encounter;

   c. In failing to intervene to prevent the excessive force being employed on the Plaintiff;

   d. In subjecting the Plaintiff to cruel and unusual punishment;

   e. In violating the Plaintiff's right to be free from state created danger;

   f. In violating the Plaintiff's right to bodily integrity;

   g. In violating the Plaintiff's right to be free from government conduct that shocks conscience;

   h. In violating the Plaintiff's right to equal protection under the law;

   i. In detaining, continuing to detain, and charge the Plaintiff with a crime without probable cause;

    j.   In detaining, continuing to detain, and arrest the Plaintiff at Plaintiff's home and property without probable cause, reasonable suspicion, and exigent circumstances present;

    k.   In searching the Plaintiff and Plaintiff's home and property without probable cause, reasonable suspicion, and exigent circumstances present;

    l.   In failing to protect the Plaintiff from specific and known risk of harm; and

    m.  In any other manner to be proved in discovery and trial.

42. All of these actions were carried out by Defendants while acting under the color of state law, in violation of the Plaintiff's rights afforded by the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution.  As a proximate result of the Defendants' unconstitutional conduct, the Plaintiff suffered damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for a trial by jury on all issues presently raised or that may be raised in any pleadings hereafter and further seek:

    i.    Judgment against Defendants for compensatory, actual, special, and punitive damages in the amount to be determined by the jury;

    ii.   To award Plaintiff reasonable attorney fees, costs, and expenses against Defendants, pursuant to 42 U.S.C. § 1988 and all other applicable laws; and

    iii.  For all other and further relief as the Court and jury deem just and proper.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

**COBB HAMMETT SCAPELLATO &
ANDREWS, LLC**


BY __/s Ryan Andrews_____
       Ryan C. Andrews, Federal ID:  11748
       222 W. Coleman Blvd.
       Mt. Pleasant, SC 29464
       (843) 936-6680 (office)
       (843) 936-6674 (facsimile)
       randrews@chsalaw.com

Mt. Pleasant, South Carolina
May 14, 2024